Henderson, Judge,
 

 delivered the Court’s opinion.-*-
 

 In our
 
 exposition of the boundaries of a grant, or a conveyance of lands, wo very properly say, that marked trees, or lines, being more certain than courses and distances, shall control them. This the presiding Judge recognized as
 
 law;
 
 but the effect, of his charge, although, be may not have designed it, is to require proof direct of these facts; whereas, like all facts, they may be inferred from other facts, if the fact proven be relevant to the fact to be inferred. The facts set forth in the record, shew a long and continued possession, up to lines variant from those described by the courses and distances called for in the grant, and from the plat accompanying and forming a part of the
 
 case;
 
 these lines were recognized as the lines of the patent by several adjoining patents. This latter fact does not very distinctly appear, for the calls of the latter patent are not given $ but they are laid down on the plat as bounded by suck lines. These facts pointed to something which controlled the courses and distances of the grant. Whether they proved that marked trees were once there, is an inference of fact which belongs to the Jury. All that the Court can say is, that they are relevant to .such an inference, and that the Jury may. if they think proper, make it. If such was not the law, most of our patent?
 
 *100
 
 vv oil Id chango their locality, as oar ¡narked trees de-' rayed, and our «roots direct, of their having once stood
 
 " x
 
 there, were. lost. I think that there should be a new |¡,-¡A]) ftie j(ldge not having called the attention of the Jury to t.hs-= point; not that there should be a new trial because the Judge did not charge on any or all the points in a case; he may be silent, if he will, unless-called on by one of the parties to express bis opinion on a point of law. But where be passes over one point to get at another, and where the point passed over, (as in this case,) is preliminary to the one passed to, there it is error; for the latter point could not arise uni i I the prior one was disposed of; that is, in tin's case, the Jury could not Jay down the patent by course and distance? if there were originally marked lines and trees; to which oiti-¡j.-istthe evide-ice pointed.. Í am very far from, -yyng that here a as evidence sufficient to prove, tii«f there were once marked lines; it is not my province ? all that I say is, that there was enough to leave it to a Jury.